46 F.3d 1151
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lonnie PARKS, Plaintiff-Appellant,
v.
Henry J. SCHMIDT; Steven T. Williams; Mark Machado; James
Porterfield; George Carney; Chris Anderson; Roy Doolin;
David Anderson, Joe Craig; Allen Foster; Mark Snavely;
Ronnie Troxel; Walter Dinwiddie; Donnie Blankenship; Stu
Phillips; Herb Gunter; Darryl Howser; Ted L. Hermes;
Laquita Earnhart; Rick Mathews; T.J. Krausse; Greg
Johnson; Vickie O'Neil; Leanne Ludi; Rusty Gilpin; Luke
Lee; Cynthia Simpson; Cliff Walker; Dennis Martin; Max
Martin, Defendants-Appellees.
 No. 93-6410.
 United States Court of Appeals, Tenth Circuit.
 Jan. 4, 1995.
 
 Before McWILLIAMS, BARRETT and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Lonnie Parks appeals the dismissal under 28 U.S.C.1915(d) of his civil rights complaint filed pursuant to 42 U.S.C.1983. Plaintiff complains that when he was arrested after jumping from a moving car during an escape attempt--allegedly by a fellow prisoner--he was beaten by unknown assailants, and he was denied medical care for his broken ankles, fingers, back, etc. He does not tie the many named defendants to his injuries and the denial of medical care. He does allege that defendant Deputy Sheriff HenryJ. Schmidt falsely accused plaintiff of producing a gun, and that defendant Steven Williams is the investigator in the district attorney's office responsible for investigating the commission of crimes within the jurisdiction.
 
 
 3
 We can add little to the magistrate judge's Report and Recommendation of September 21, 1993, and the district court Order of November 16, 1993, dismissing the complaint. We AFFIRM for substantially the reasons stated in those documents.
 
 
 4
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470